1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROSE OGG,

11              Plaintiff,                 No. CIV S-11-791 KJM CMK (TEMP) PS

12        vs.

13   DANIEL WEISS, et al.,

14              Defendants.                <u>ORDER</u>

15   _____/

16        Plaintiff is proceeding in this action pro se.  Plaintiff has requested authority

17   pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this

18   court by Local Rule 72-302(c)(21).

19        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is

20   unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in

21   forma pauperis will be granted.  28 U.S.C. § 1915(a).

22        The federal in forma pauperis statute authorizes federal courts to dismiss a case if

23   the action is legally "frivolous or malicious," fails to state a claim upon which relief may be

24   granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

25   § 1915(e)(2).

26        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

<u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28

1    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3    490 U.S. at 327.

4               In order to avoid dismissal for failure to state a claim a complaint must contain

5    more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

6    of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other

7    words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

8    statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

9    claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.

10   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

11   draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129

12   S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be

13   granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

14   (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.

15   Rhodes, 416 U.S. 232, 236 (1974).

16              The court finds the allegations in plaintiff's complaint so vague and conclusory

17   that it is unable to determine whether the current action is frivolous or fails to state a claim for

18   relief.  The court has determined that the complaint does not contain a short and plain statement

19   as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

20   policy, a complaint must give fair notice and state the elements of the claim plainly and

21   succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

22   must allege with at least some degree of particularity overt acts which defendants engaged in that

23   support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.

24   R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file

25   an amended complaint.

26              If plaintiff chooses to amend the complaint, plaintiff must set forth the

2

1   jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil

2   Procedure 8(a).  Further, plaintiff must demonstrate how the conduct complained of has resulted

3   in a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

4           The Civil Rights Act under which this action was filed provides as follows:

5           Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the
6           deprivation of any rights, privileges, or immunities secured by the
            Constitution . . . shall be liable to the party injured in an action at
7           law, suit in equity, or other proper proceeding for redress.

8   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

9   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

10  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

11  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

12  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

13  omits to perform an act which he is legally required to do that causes the deprivation of which

14  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

15          Moreover, supervisory personnel are generally not liable under § 1983 for the

16  actions of their employees under a theory of respondeat superior and, therefore, when a named

17  defendant holds a supervisorial position, the causal link between him and the claimed

18  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

19  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

20  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

21  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

22  Cir. 1982).

23          Plaintiff complains she was assaulted by an attorney who had previously

24  represented her in a civil action.  Plaintiff is advised that an attorney acting in this capacity is not

25  a state actor against whom a civil rights action can lie.  Moreover, the alleged assault occurred in

26  2003.  It appears any claim arising out of the alleged assault would be barred by the statute of

3

1   limitations.  Plaintiff makes additional claims against police officers who investigated the alleged

2   assault.  Plaintiff asserts her constitutional rights were violated because the defendant officers

3   failed to arrest the attorney who allegedly committed the assault on plaintiff.  Plaintiff is advised

4   there is no constitutional right to have another person arrested.

5          In addition, plaintiff is informed that the court cannot refer to a prior pleading in

6   order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

7   amended complaint be complete in itself without reference to any prior pleading.  This is

8   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

9   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

10  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

11  original complaint, each claim and the involvement of each defendant must be sufficiently

12  alleged.

13          In accordance with the above, IT IS HEREBY ORDERED that:

14          1.  Plaintiff's request to proceed in forma pauperis is granted;

15          2.  Plaintiff's complaint is dismissed; and

16          3.  Plaintiff is granted thirty days from the date of service of this order to file an

17  amended complaint that complies with the requirements of the Federal Rules of Civil Procedure,

18  and the Local Rules of Practice; the amended complaint must bear the docket number assigned

19  this case and must be labeled "Amended Complaint"; plaintiff must file an original and two

20  copies of the amended complaint; failure to file an amended complaint in accordance with this

21  order will result in a recommendation that this action be dismissed.

22

23  DATED:  March 30, 2011

24                                                    _____
                                                      CRAIG M. KELLISON
25                                                    UNITED STATES MAGISTRATE JUDGE

26

                                                      4