IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROSE OGG,

        Plaintiff,                    No. CIV S-11-791 KJM CMK (TEMP) PS

    vs.

DANIEL WEISS, et al.,

        Defendants.              ORDER

_____/

        Plaintiff is proceeding in this action pro se and in forma pauperis. Plaintiff has filed an amended complaint.

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

/ / /

1       In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

        Plaintiff's original complaint was dismissed because it was vague and conclusory. The amended complaint does not cure the deficiencies evident in the original complaint. Plaintiff was previously advised that an attorney acting in this capacity is not a state actor against whom a civil rights action can lie under the Civil Rights Act, 42 U.S.C. § 1983. Although the amended complaint is not barred by the statute of limitations on its face because plaintiff omits any mention of the date of the alleged incident giving rise to plaintiff's claims, the court takes judicial notice of the original complaint in which plaintiff alleges the incident occurred in 2003. Plaintiff makes no allegation in the amended complaint that would overcome the obvious bar of the statute of limitations. In addition, plaintiff is advised that as against the named defendant officers, there is no constitutional right to have police officers transport plaintiff for emergency medical treatment when the plaintiff is not under arrest. It appears plaintiff cannot cure the deficiencies in the pleadings. However, the court will grant one final opportunity to amend the complaint.

/ / /

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

Plaintiff is again advised that the Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended

1 complaint be complete in itself without reference to any prior pleading.  This is because, as a
2 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
3 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
4 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
5 complaint, each claim and the involvement of each defendant must be sufficiently alleged.
6          In accordance with the above, IT IS HEREBY ORDERED that:
7          1.  Plaintiff's amended complaint is dismissed; and
8          2.  Plaintiff is granted thirty days from the date of service of this order to file a
9 second amended complaint that complies with the requirements of the Federal Rules of Civil
10 Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket
11 number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file
12 an original and two copies of the second amended complaint; failure to file a second amended
13 complaint in accordance with this order will result in a recommendation that this action be
14 dismissed.

 DATED: June 6, 2011

                                         _____
                                         **CRAIG M. KELLISON**
                                         UNITED STATES MAGISTRATE JUDGE

006
ogg2.lta