1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROSE OGG,

11          Plaintiff,                    No. CIV S-11-791 KJM CKD PS

12       vs.

13   DANIEL WEISS, et al.,

14          Defendants.              FINDINGS AND RECOMMENDATIONS

15   _____/

16          Plaintiff is proceeding in this action pro se and in forma pauperis.  Plaintiff has

17   filed a second amended complaint.  The federal in forma pauperis statute authorizes federal

18   courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon

19   which relief may be granted, or seeks monetary relief from a defendant who is immune from such

20   relief.  28 U.S.C. § 1915(e)(2).

21          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

22   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

23   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

24   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

25   490 U.S. at 327.

26   \\\\

1    In order to avoid dismissal for failure to state a claim a complaint must contain

2  more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

3  of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other

4  words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

5  statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

6  claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.

7  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

8  draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129

9  S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be

10  granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

11  (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.

12  Rhodes, 416 U.S. 232, 236 (1974).

13    Plaintiff has filed three complaints in this action.  Although plaintiff's second

14  amended complaint remains vague and conclusory, it appears that plaintiff is alleging a violation

15  of her civil rights in connection with an alleged assault upon her person by an attorney

16  representing plaintiff in a legal matter.  Plaintiff also complains that her civil rights were violated

17  because the deputy Sheriffs who were called to the scene of the altercation failed to arrest the

18  attorney.  The second amended complaint does not cure the deficiencies evident in the original

19  and first amended complaints.

20    The Civil Rights Act under which this action was filed provides as follows:

21    Every person who, under color of [state law] . . . subjects, or causes
      to be subjected, any citizen of the United States . . . to the
22    deprivation of any rights, privileges, or immunities secured by the
      Constitution . . . shall be liable to the party injured in an action at
23    law, suit in equity, or other proper proceeding for redress.

24  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

25  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

26  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

1   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

2   meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

3   omits to perform an act which he is legally required to do that causes the deprivation of which

4   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

5               To state a claim under section 1983, a plaintiff must allege that:  (1) defendant

6   was acting under color of state law at the time the complained of act was committed; and (2)

7   defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the

8   Constitution or laws of the United States.  42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48

9   (1988).  As explained to plaintiff in the court's prior orders, (dkt. nos. 4,6), there is no

10  constitutional right to have another person arrested; thus, no claim can lie against the defendant

11  sheriff's deputies.  See Town of Castle Rock, Colo. v. Gonzales, 545 U.S. 748, 767 (2005) (no

12  due process claim where police failed to arrest alleged violator of restraining order).  In addition,

13  there is no allegation that the defendant attorney is anything other than a private actor and

14  therefore plaintiff fails to plead the requisite state action by this defendant.  See Franklin v. Fox,

15  312 F.3d 423, 445 (9th Cir. 2002) (four tests articulated by the Supreme Court for determining

16  whether a private party's conduct constitutes state action).

17              It also appears this action is time barred.  The court takes judicial notice of the

18  original complaint in which plaintiff alleges the incident giving rise to the claims herein occurred

19  in the year 2003.  The statute of limitations of the state in which the claim arises governs civil

20  rights actions under 42 U.S. C. § 1983.  See Donoghue v. County of Orange, 848 F.2d 926, 929

21  (9th Cir. 1987).  Section 1983 actions are characterized as personal injury actions for purposes of

22  identifying the applicable statute of limitations.  See Wilson v. Garcia. 471 U.S. 261, 268-71, 276

23  (1985); Bianchi v. Bellingham Police Dep't, 909 F.2d 1316, 1317 (9th Cir. 1990).  In California,

24  the applicable statute of limitations is two years.  Cal. Code Civ. Proc. § 335.1; Maldonado v.

25  Harris, 370 F.3d 945, 954 (9th Cir. 2004).  Plaintiff asserts this action is not barred by the statute

26  of limitations because she was exhausting administrative remedies.  In the context of the instant

1   action, there is no administrative exhaustion required.  Cf. 42 U.S.C. § 1997e(a) (administrative

2   exhaustion required in section 1983 actions brought by prisoners).  Plaintiff alleges no other basis

3   for tolling the statute of limitations.  Plaintiff's claims therefore became time barred no later than

4   the year 2006, five years prior to the filing of the pending action.

5                Plaintiff has now filed three complaints in this action.  Although repeatedly

6   advised of the deficiencies in her pleadings, plaintiff's second amended complaint fails to set

7   forth facts which would state a claim under 42 U.S.C. § 1983 and which is not time barred.

8                Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

9                These findings and recommendations are submitted to the United States District

10   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

11   fourteen days after being served with these findings and recommendations, any party may file

12   written objections with the court and serve a copy on all parties.  Such a document should be

13   captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

14   objections shall be served and filed within seven days after service of the objections.  The parties

15   are advised that failure to file objections within the specified time may waive the right to appeal

16   the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17

18

19    Dated: August 7, 2011

_____

20                                              CAROLYN K. DELANEY
                                              UNITED STATES MAGISTRATE JUDGE

21

22

23

4

24   ogg.f&r

25

26