UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSE LEE OGG, | Civ. No.  S-11-791 KJM CKD PS |
| Plaintiff, | |
| v. | ORDER |
| DANIAL WEISS, et al., | |
| Defendants. | |

On November 29, 2011, this court adopted the magistrate judge's findings and recommendations and dismissed this case; judgment was entered on the same day.  ECF Nos. 10 & 11.

On December 3, 2013, plaintiff filed a document entitled "Complaint Request for Hearing."  ECF No. 12.  In it she repeats the allegations against lawyer Danial Weiss, which the magistrate judge found failed to state a claim.

Under Rule 59(e), a party may move to "alter or amend a judgment" within twenty-eight days of the entry of the judgment.  Although the Rule does not list specific grounds for such a motion, the Ninth Circuit has said that a Rule 59(e) motion may be granted if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).  This

1

court has "wide discretion" when considering such a motion. *Turner v. Burlington Northern Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). The rule provides "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). A party filing a motion for reconsideration under this rule should not "ask the Court 'to rethink what the Court has already thought through,' merely because a plaintiff disagrees with the Court's decision." *Ramsey v. Arizona*, No. 05–3130–PHX–JAT, 2006 WL 2711490, at *1 (D. Ariz. Sep. 21, 2006) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Cal. 1983)). Such a motion "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Mazalin v. Safeway, Inc.*, No. CIV S-10-1445 KJM CMK, 2012 WL 5387704, at *1 (E.D. Cal. Nov. 1, 2012) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

In this case plaintiff presents nothing new but rather rehashes the claims previously found inadequate to state a claim. Her request for a hearing, construed as a motion for reconsideration, is denied.

IT IS SO ORDERED

DATED: December 19, 2013.

_____
UNITED STATES DISTRICT JUDGE